Case 8:16-cr-00105-SDM-AAS   Document 71   Filed 08/11/16   Page 1 of 6 PageID 272

AO 245B (Rev. 02/16) Judgment in a Criminal Case — Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER: 8:16-cr-105-T-23AAS<br>USM NUMBER: 66845-018 |
| TOMAS DENAR PERLAZA REASCO | Defendant's Attorney: David C. Hardy, CJA |

The defendant pleaded guilty to count one of the indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 46 U.S.C. § 70503(a)<br>46 U.S.C. § 70506(a)<br>46 U.S.C. § 70506(b)<br>21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States | 03/03/2016 | One |

The defendant is sentenced as provided in pages two through six of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count two of the indictment is dismissed in accord with the plea agreement.

Within thirty days and until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid, the defendant must notify the United States Attorney for this district of any change of name, residence, or mailing address.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstance.

Date of Imposition of Sentence: August 10, 2016

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

August 11th, 2016

Case 8:16-cr-00105-SDM-AAS   Document 71   Filed 08/11/16   Page 2 of 6 PageID 273

AO 245B (Rev. 02/16) Judgment in Criminal Case

Sheet 2 — Imprisonment

Judgment - Page 2 of 6

Defendant: TOMAS DENAR PERLAZA REASCO
Case No.: 8:16-cr-105-T-23AAS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **a hundred eight months**.

__X__ The court makes the following recommendations to the Bureau of Prisons: confinement at a facility located in McRae, Georgia. The defendant was paroled into the United States.

__X__ The defendant is remanded to the custody of the United States Marshal.

___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

United States Marshal

By:_____
Deputy United States Marshal

Case 8:16-cr-00105-SDM-AAS   Document 71   Filed 08/11/16   Page 3 of 6 PageID 274

AO 245B (Rev. 02/16) Judgment in a Criminal Case  
Sheet 3 — Supervised Release

Defendant: TOMAS DENAR PERLAZA REASCO  
Case No.: 8:16-cr-105-T-23AAS

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve supervised release for a term of **sixty months**.

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The mandatory drug testing requirements of the Violent Crime Control Act are waived.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 02/16) Judgment in a Criminal Case

Sheet 3C — Supervised Release

Defendant: TOMAS DENAR PERLAZA REASCO
Case No.: 8:16-cr-105-T-23AAS

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

If the defendant is deported, he will not re-enter the United States without the express permission of the United States.

AO 245B (Rev. 02/16) Judgment in a Criminal Case — Sheet 5 — Criminal Monetary Penalties

Defendant: TOMAS DENAR PERLAZA REASCO
Case No.: 8:16-cr-105-T-23AAS

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | Assessment | Fine   | Total Restitution |
|----------|------------|--------|-------------------|
| Totals:  | $100       | waived | n/a               |

__ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Totals:       |             | $                   |                        |

__ Restitution amount ordered pursuant to plea agreement $ _____.

__ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  __ the interest requirement is waived for the ___ fine ___ restitution.
  __ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/16) Judgment in a Criminal Case  
Sheet 6 — Schedule of Payments

Defendant: TOMAS DENAR PERLAZA REASCO    Judgment - Page 6 of 6  
Case No.: 8:16-cr-105-T-23AAS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. **X** Lump sum payment of $100 due immediately.

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.
___ The defendant shall pay the following court cost(s):
___ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## Administration of the Sentence

Name: Tomas Denar Perlaza-Reasco

Sentence: 108 months

Starting date of Sentence: August 10, 2016

Jail time credit: 160 days

Good conduct time earned as of December 20, 2017: 54 days

Full term release date: March 2, 2025
(Maximum sentence)

Projected release date if prisoner remains in the United States: January 4, 2024



**Departmento de Justicia de los EE.UU.**

División Criminal
Oficina de Ejecución de Operaciones
Unidad Internacional de Traslado de Prisioneros

*Washington, D.C. 20530*

Abg. Katherine Roldan
Directora de Asuntos Internacionales
Ministerio De Justicia, Derechos Humanos y Cultos
Attn: Direccion de Asuntos Internacionales
Av. Colon entre Diego de Almagro y
    Reina Victoria. Edif. Torres de Almagro – Mezzanine
Quito, Ecuador, Cod. Postal: 170517

Re:   Tomas Denar Perlaza-Reasco, Reg. No. 66845-018
      aka: Tomas Denar Perlaza Peasco
      Aprobación de Traslado a Ecuador bajo la
      Convención de Traslado de Personas Condenadas

Estimado Sra. Roldan:

El 22 de noviembre, los Estados Unidos aprobaron la solicitud del prisionero antes mencionado para ser transferido a Ecuador para cumplir su sentencia de encarcelamiento. El prisionero actualmente se encuentra encarcelado en Oakdale Federal Correctional Institution, Oakdale, Louisiana. La sentencia es definitiva en el momento actual puesto que no existen procesos de apelación ni juicios colaterales pendientes. Anexos para su consideración se encuentran los siguientes documentos:

1. Solicitud de transferencia;

2. Copia certificada del acta de nacimiento y/o el pasaporte (no disponible);

3. Copia certificada de la sentencia;

4. Copia certificada de las leyes aplicables;

5. Información relacionada con la administración de la condena;

6. Sumario del caso y apéndice; y

7. Huellas digitales y fotografía(s).

Si usted decide solicitar el traslado del prisionero, por favor suministre lo siguiente:

1. Un documento o una declaración que confirma que Ecuador aprueba o consiente a la transferencia.

2. Un documento o declaración confirmando, de acuerdo con las disposiciones de la Convención, que el prisionero es de origen Ecuador.

3. Una copia de las leyes relevantes que hacen que el delito debido al cual el prisionero se encuentra bajo la custodia de los Estados Unidos es un delito penal en Ecuador.

4. Una declaración en la cual se establezca que se aplicaría un procedimiento de "aplicación continua" o un procedimiento de "conversión de la sentencia"; y

5. Una declaración indicando la naturaleza y la duración de la condena que servirá el prisionero si es trasladado. Por favor incluya la información acerca de los arreglos para remisión y libertad condicional.

Cordialmente,

Paula A. Wolff, Jefa
Unidad Internacional de Traslado de Prisioneros

Adjuntos (6)

cc: Embajada de Ecuador, Washington, D.C.

cc (sin adjuntos):
Consulado General de Ecuador, Houston, TX
Michael Harris, Agencia Federal de Prisiones, Washington, D.C.
Tomas Denar Perlaza Peasco

Caso 8:16-cr-00105-SDM-AAS   Documento 71   Presentado 11/ago/16   Página 1 de 6   Ident. de pág. 272

AO 245B (Rev. 02/16) Fallo en un Caso Penal                                                                                    Hoja 1

# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## DISTRITO CENTRAL DE FLORIDA
## DIVISIÓN DE TAMPA

ESTADOS UNIDOS DE AMÉRICA

contra

TOMÁS DENAR PERLAZA REASCO

**FALLO EN UN CASO PENAL**

CASO NÚM.: 8:16-cr-105-T-23AAS
NÚM. USM: 66845-018

Abogado del acusado: David C. Hardy, CJA

El acusado se declaró culpable del cargo uno de la acusación formal.

| TÍTULO Y SECCIÓN | ÍNDOLE DEL DELITO | EL DELITO TERMINÓ: | CARGO: |
|---|---|---|---|
| S. 70503(a)(1), T. 46, C EE UU<br>S. 70506(a), T. 46, C EE UU<br>S. 70506(b), T. 46, C EE UU<br>S. 960(b)(1)(B)(ii), T. 21 CEEUU | Conspiración para poseer con la intención de distribuir cinco kilogramos o más de cocaína estando a bordo de una embarcación sujeta a la jurisdicción de los Estados Unidos | 3/3/2016 | Uno |

El acusado está sentenciado como se establece en las páginas dos a la seis de este fallo. La sentencia se impone de conformidad con la Ley de Reformas de Sentencias de 1984.

El cargo dos de la acusación formal queda desestimado de conformidad con el acuerdo declaratorio.

Antes de que transcurran treinta días y hasta que todas las cuotas, la restitución, los costos y las multas especiales impuestas por este fallo queden liquidadas por completo, el acusado deberá notificar al Fiscal de los Estados Unidos para este distrito sobre cualquier cambio de nombre, casa o dirección de correo.

Si se le ordena pagar restitución, el acusado debe notificar al tribunal y al fiscal de los Estados Unidos sobre cualquier cambio fundamental en las circunstancias económicas.

Fecha de imposición de la sentencia: 10 de agosto de 2016

[Firma]
STEVEN D. MERRYDAY
JUEZ DE DISTRITO DE LOS ESTADOS UNIDOS

11 de agosto de 2016

Caso 8:16-cr-00105-S [Ilegible] AAS   Documento 71   Presentado el 11 de agosto de 2016   Página 2 de 6   ID de Página 273

AO 245 B (Rev. 02/16) Fallo en un Caso Penal                                                        Hoja 2 – Encarcelamiento

Acusado: TOMÁS DENAR PERLAZA REASCO                                              Fallo – Página 2 de 6
Caso No.: 8:16-cr-105-T-23AAS

## ENCARCELAMIENTO

Por la presente se entrega al acusado a la custodia de la Oficina de Prisiones de los Estados Unidos para que sea encarcelado por un período de **ciento ocho meses.**

X   El tribunal hace las siguientes recomendaciones a la Oficina de Prisiones: encarcelamiento en una institución ubicada en McRae, Georgia. Al acusado se le otorgó permiso condicional para ingresar a los Estados Unidos.

X   El acusado se pone bajo la custodia del Alguacil de los Estados Unidos.

__   El acusado deberá entregarse al Alguacil de los Estados Unidos para este distrito.

  __ a las _____ a.m.   __ p.m., el _____.
  __ según sea notificado por el Alguacil de los Estados Unidos.

__   El acusado deberá entregarse para servir su sentencia en la institución designada por la Oficina de Prisiones.

  __ antes de las 2 p.m., el _____.
  __ según sea notificado por el Alguacil de los Estados Unidos.
  __ según sea notificado por el agente de libertad condicional o la Oficina de Servicios Previos al juicio

## DILIGENCIAMIENTO

He ejecutado este fallo como se explica a continuación:

_____
_____
_____

El acusado fue entregado el _____ a _____

en _____, con una copia certificada de este fallo.

                                                              _____
                                                              Alguacil de los Estados Unidos

                                                      Por: _____
                                                              Alguacil Auxiliar de los Estados Unidos

## Administración de la Sentencia

Nombre:   Tomas Denar Perlaza-Reasco

Sentencia:   108 meses

Fecha de Inicio de la Sentencia:   10 de agosto de 2016

Tiempo de Crédito Carcelario:   160 días

Tiempo Ganado por Buena Conducta al 20 de diciembre de 2017:   54 días

Fecha de la liberación por
Cumplimiento del Termino (sentencia máxima):   2 de marzo de 2025

Fecha proyectada de la liberación
si el prisionero continua en los Estados Unidos:   4 de enero de 2024